******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., concurring. I agree with and join the majority opinion, in which the majority concludes that the trial court correctly determined that the evidence seized from the residence of the defendant, Bobby Griffin, was not discovered as a result of an unlawful search and that the incriminating statements he made during his interrogation at the police station were not involuntary. Although I strongly disapprove of several of the tactics employed by the interrogating police officers and can easily envision a case in which those tactics could work collectively to overbear a suspect's will, my review of the video recording of the interrogation persuades me that this is not such a case, for the reasons identified in the majority opinion. I write separately to add my voice to the view set forth in part III of the concurring and dissenting opinion about the dangers of effectively sanctioning the practice by the police of lying to suspects in interrogations. I, too, would urge our state and local police to abandon this pernicious practice before legislative or judicial action is deemed necessary. In the meantime, I agree that the concerns raised by the concurring and dissenting justice warrant giving greater weight to such lying in assessing the voluntariness of a confession under the totality of the circumstances. Even affording the lies made to the defendant in the present case such weight, I remain convinced that his confession was voluntary.